## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| **CLEVE HART,** | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 19-04809** |
| | ) | |
| | ) | |
| **WALMART, INC., WALMART STORES** | ) | |
| **EAST, LP & WALMART STORES EAST,** | ) | |
| **INC.,** | ) | |
| | ) | |
| *Defendants* | ) | |

### PLAINTIFF CLEVE HART'S
### RESPONSE TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Cleve Hart ("Plaintiff" or "Mr. Hart") and files this Response to Defendant, Wal-Mart Stores Texas, LLC's ("Defendant" or "Wal-Mart") Motion for Summary Judgment and in support thereof respectfully shows the court the following:

### I. BACKGROUND

This lawsuit surrounds personal injuries that the Plaintiff suffered on November 9, 2017. At the time, Plaintiff was an invitee at the Wal-Mart supercenter that was operated by Defendant. While visiting the premises, Mr. Hart slipped on a negligently maintained floor, sustaining multiple injuries. As a result of the incident, Mr. Hart filed suit for damages pertaining to the injuries that he suffered. Defendant's Motion contends that Defendant did not have actual or constructive notice of the condition. Defendant's motion also challenges the elements of causation and damages. For the reasons, set forth in more detail below, Defendant is not entitled to summary judgment; and Plaintiff respectfully requests that Defendant's Motion be denied.

## II. SUMMARY JUDGMENT EVIDENCE

In support of its Response to Defendant's Motion for Summary Judgment, Plaintiff offers the following summary judgment evidence which is attached hereto and fully incorporated by reference.

**Exhibit A:      Plaintiff's Deposition Testimony**

**Exhibit B:      Surveillance video of the incident[1]**

## III. SUMMARY OF PLAINTIFF'S ARGUMENT

In a premises liability cause of action, the Courts have routinely held that, when a Defendant had a reasonable opportunity to discover and remedy a condition, the defendant has constructive knowledge sufficient to satisfy the knowledge requirement of the claim. The facts of the case, defendant's own surveillance video, and Plaintiff's testimony establish that the dangerous condition upon which Plaintiff slipped was reasonably discoverable.

In addition, given the mechanism of the incident made the basis of this suit, Plaintiff's deposition testimony constitutes sufficient lay testimony to establish causation. Despite Defendant's argument, expert testimony is not necessary to establish causation in the current case.

Moreover, Plaintiff seeks damages beyond past medical expenses for which Defendant's Motion pertains; and Defendant should be entitled to the damages sought. Plaintiff respectfully requests that leave be granted to designate Plaintiff's treating physicians as experts because the factors controlling whether leave should be granted weigh heavily in Plaintiff's favor. For these reasons, explained in more detail below, Defendant's Motion should be denied.

---

[1] Surveillance video can be accessed by clicking the following link:
https://www.dropbox.com/shp82mgdaz3gh6w/%5BVideo-1%5D_RM2017111300269_Clip00001_1000000_1.mp4?dl=0

## IV. ARGUMENT AND AUTHORITIES

As an initial matter, Plaintiff waives his claims pertaining to Negligence and will amend his complaint to reflect same, should it become necessary. Accordingly, Plaintiff will solely address Defendant's arguments pertaining to Plaintiff's premises liability claim.

### A.   DEFENDANT HAD REASONABLE OPPORTUNITY TO DISCOVER AND REMEDY THE CONDITION UPON WHICH PLAINTIFF SLIPPED.

A business owner owes its invitees a duty to exercise reasonable care to protect the invitee from dangerous conditions that were known or *reasonably discoverable*. *Wal-Mart Stores, Inc. v. Gonzalez*, 968 SW.2d 934, 936 (Tex. 1998) (emphasis added). cctual or constructive knowledge of some condition on the premises by the Defendant is required to establish a premises liability cause of action. *Id (emphasis added)*. Further, the Courts have routinely held that, when a defendant has had reasonable opportunity to discover and remedy a dangerous condition, the defendant is tasked with having constructive knowledge of the condition. *Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812 (Tex. 2002). Accordingly, what constitutes a reasonable time for a premises owner to discover a dangerous condition depends upon the facts and circumstances presented. *Id* at 816.

In the current case, Defendant slipped due to a leak coming from a trash can that was placed in a Wal-Mart walkway.

Q:      Okay. Without guessing do you know how it got on the floor?

A:      Yes, ma'am. It came from the trash can. There is no doubt about that. *Please see* Exhibit A; page 32, lines 6-9.

The presence and source of the leak was also confirmed in the presence of Defendant's manager on duty.

Q:      Okay. Did you look at the floor following the incident to see what may have caused you to slip?

3

A:     Yes. Also me and the manager, we went back and took pictures, and we -- yes, I did.

Q:     You took pictures of it?

A:     Yes.

Q:     Okay. Have you given those pictures to your attorney?

A:     Yes, ma'am.

Q:     Can you tell me what you saw when you looked at the condition after the incident?

A:     Yes. It was a trash can there, and it was leaking some kind of fluid out of it.

Q:     Did your incident occur next to the trash can, in close proximity of it?

A:     Pretty much the fluid had leaked out over the aisle so it was approximately maybe a foot from the trash can. *Please see* Exhibit A; page 27, lines 8-25.

Additionally, Defendant's own video surveillance creates genuine issues of material fact related to whether Defendant had a reasonable opportunity to discover and remedy the dangerous condition. The surveillance video provided by Defendant shows the trash can being placed in the walkway. *Please see* Exhibit B at 23:15. It subsequently shows Wal-Mart employees walking within feet of the dangerous condition on several occasions before Mr. Hart ultimately slips on the substance leaking from the trash can. *Please see* Exhibit B at 35:23, 50:35, 56:57, and 1:00:20.

The law is well settled that temporal evidence regarding how long the dangerous condition existed is required to support a finding of constructive notice. *Wal-Mart Stores, Inc. v. Reece,* 81 S.W.3d 812, 816 (Tex. 2002). Moreover, knowledge can be inferred because of the length of time that the condition exists. *Keetch v. Kroger Co.*, 845 S.W.2d 262, 266 (Tex. 1992). Constructive knowledge is a function of "proximity, conspicuity, and longevity." *Wal-Mart*

4

*Stores, Inc. v. Spates*, 186 S.W.3d 566, 567 (Tex. 2006). Consequently, the surveillance video highlights the placement of the trash can in the aisle, Defendant's proximity to the condition (on multiple occasions), and the longevity of the dangerous condition. As such, Defendant had constructive knowledge of the dangerous condition.

**B.** **EXPERT TESTIMONY IS NOT REQUIRED TO PROVE CAUSATION IN THIS CASE; AND THERE IS SUFFICIENT LAY-TESTIMONY TO PROVE CAUSATION.**

Defendant's Motion argues that because there is no expert testimony on causation, causation cannot be established; and summary judgment should be granted. This argument is simply incorrect. Lay testimony is adequate to prove causation when general experience and common sense will enable a layman to determine, with reasonable probability, the causal relationship between the event and the condition. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 884 (5th Cir. 2004). Moreover, lay testimony establishing a sequence of events which provides a strong, logically traceable connection between the event and the condition is sufficient proof of causation. *Id*. Additionally, this lay testimony can be in the form of Plaintiff's own testimony. *Id*.

In the current case, plaintiff testified in his deposition that he was asymptomatic.

Q: Before the incident who was your primary care physician? Who would you typically go to?

A: I didn't have any issues about anything. I wasn't having any issues. But if I did have anything happen to me, I just went to the emergency room. *Please See* Exhibit A; Page 35, lines 21-25

In addition, Plaintiff specifically identified the injuries he attributes to the incident that is the basis of this suit.

Q: What injuries did you sustain? What part of your body?

A: Just my back, my upper back and my lower back.

Q:      Okay. Did you experience pain in your neck?

A:      Yes, ma'am.

Q:      Okay. Anywhere else?

A:      Let's see -- my neck, my midback, and my lower back.

Q       Are you still experiencing pain in your low --

A:      Most of my pain now come from my midback and my lower back.

Q:      Still have pain in your neck?

A:      Yeah. It -- it varies. I mean, it depends on, you know, if I move too fast or -- or I lay the wrong way, but that's -- it's in my back, though. *Please See* Exhibit A; Page 35, lines 2 – 16.

The 5th Circuit has laid out specific examples of plaintiff lay testimony being sufficient to establish causation. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 885 (5th Cir. 2004) (citing Blankenship v. Mirick, 984 S.W.2d 771, 776 (Tex.App.-Waco 1999. pet. denied). (holding that Plaintiff's testimony that she experienced no problems with her knees before the collision and subsequently experienced pain was sufficient to prove causation). *See also Dawson v. Briggs*, 107 S.W.3d 739, 754 (Tex.App.-Fort Wort 2003, no pet.). Correspondingly, the facts of the current case fall in line with the 5th Circuit's prior holdings on similar cases.

Defendant cites the *Leitch* case to support its contention that causation requires expert testimony by a qualified expert. However, the *Leitch* case is distinguishable from this case because the relevant question in the *Leitch* case is whether proper lifting equipment would have prevented the injury in that case; and whether that question can be answered as a matter of general experience or common sense. *Leitch v. Hornsby*, 935 S.W.2d 114, 119 (Tex. 1996). The *Leitch* case held that there was no evidence in the record connecting the Plaintiff's injuries with the failure to provide proper equipment. *Id*. The facts of the current case simply do not require

6

such an extensive inquiry.  The relevant question on causation in this case is simply whether Plaintiff was injured by slipping on the substance in Wal-Mart. Plaintiff has answered that question in his deposition testimony; and the facts of this case establish a sequence of events from which a trier of fact may properly infer, without the aid of expert medical testimony, that the Plaintiff was injured as a result of his slip in Wal-Mart. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 885 (5th Cir. 2004).

C.     **PLAINTIFF IS STILL ENTITLED TO RECOVER FOR DAMAGES BEYOND PAST MEDICAL EXPENSES. IN THE ALTERNATIVE, PLAINTIFF REQUESTS LEAVE TO DESIGNATE, PLAINTIFF'S TREATING PHYSICIANS.**

Plaintiff's live Complaint seeks damages for, among other things, past physical pain, future physical pain, past physical impairment, and future physical impairment. Should a plaintiff fail to present expert testimony regarding the reasonableness of past medical expenses, the Plaintiff is still entitled to recover for other damages, including pain and suffering related to the injury. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875, 886 (5th Cir. 2004).

In the alternative, Plaintiff requests leave to designate Plaintiff's treating physicians as experts. In deciding whether to exclude a late-designated expert, the court considers four factors: (1) the explanation for the failure to designate the witness; (2) the importance of the testimony; (3) the prejudice in allowing the testimony; and (4) the availability of a continuance to cure the prejudice. *Hamburger v. State Farm Mut. Auto. Ins. Co.*, 361 F.3d 875 (5th Cir. 2004); *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007).  Moreover, The Fifth Circuit "gives the trial court 'broad discretion to preserve the integrity and purpose of the pretrial order.'" *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990) (quoting *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)). Plaintiff contends that the aforementioned factors weigh heavily in favor of the Plaintiff; and consequently, support the granting of leave to file expert designations.

**1. The Explanation**

Plaintiff recognizes that a scheduling mistake, in and of itself, does not justify modifying a scheduling order. *Geiserman*, 893 F.2d at 791; *Sturgeon v. Airborne Frieght Corp.*, 778 F.2d 1154, 1158 (5th Cir. 1985); *Curtis v. State Farm*, No. Civ.A. H-03-1025, 2004 WL 1621700, at *8 (S.D. Tex. Apr. 29, 2004). Nonetheless, when the three remaining factors strongly favor the Plaintiff's position, the court has still allowed for the late designation of experts. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007). This is the situation in the current case.

Plaintiff's firm uses a universal calendar that is accessible to all members of the firm. This calendar is updated by the firm's administrator. Upon receiving the scheduling order, the firm's administrator entered the scheduling order's deadlines into the firm's calendar. The calendar entries include reminders to follow up on upcoming dates. However, unbeknownst to the lead attorney on this case, the deadline for Plaintiff to designate his experts was calendared as December 21, 2020, instead of the November 21, 2020 date identified in the order. Upon receiving notice of the expired deadline, Plaintiff's counsel notified Defendant of the error and attempted, unsuccessfully, to agree on new deadlines. Though Plaintiff acknowledges this factor does not weigh in Plaintiff's favor, Plaintiff respectfully contends that this factor, coupled with the remaining factors, justifies granting the current motion.

**2. The importance of the testimony**

Plaintiff intends to designate his treating providers as non-retained experts. These providers personally treated Plaintiff for his injuries suffered as a result of the fall, and their testimony would go to the heart of Plaintiff's allegations against Defendant. Specifically, these treating providers will provide additional testimony related to causation for Plaintiff's injuries and the specific injuries Plaintiff suffered as a result of his fall at Walmart.

Consequently, granting leave to designate Plaintiff's treating providers is critically important to establishing the connection between Plaintiff's incident and his claimed injuries. Further, Plaintiff's treating providers would provide testimony related to amounts billed for Plaintiff's treatment, as well as the reasonableness of the billed amounts. This testimony would be crucial to Plaintiff's damages model and his subsequent recovery, if any, for damages sustained. Once again, this testimony is central to Plaintiff's damages for past medical expenses Therefore, Plaintiff respectfully contends that the second *Geiserman* factor heavily favors granting Plaintiff leave to designate his experts.

**3. The prejudice in allowing testimony**

Defendant will not be prejudiced by the designation of Plaintiff's treating providers as non-retained experts. Plaintiff's treating providers have already been identified; and records pertaining to Plaintiff's treatment for his injuries have already been exchanged between both parties. Consequently, the designation of Plaintiff's treating providers will not act as a surprise to Defendant.

Defendant has had ample time to contemplate the anticipated testimony of Plaintiff's treating providers. Moreover, as contemplated in the *Betzel* case, there is no evidence that allowing a late designation would significantly increase litigation expenses or deprive Defendant of an opportunity to depose Plaintiff's treating physicians. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 708 (5th Cir. 2007).

Additionally, the current scheduling order is instructive because, unlike the *Geiserman* case, the current case is within the discovery period. The discovery deadline is currently set for February 28, 2021 and trial is currently set for May 3, 2021. The current dates allow for Plaintiff to designate Plaintiff's treating providers as non-retained experts without "disrupting the Court's

discovery schedule and [Defendant's] preparation, as considered by the *Geiserman* Court. *Geiserman*, 893 F.2d at 791-93. As such, this factor weighs heavily in Plaintiff's favor and supports the granting of leave to designate experts.

### 4. The availability of a continuance to cure prejudice

Any prejudice that potentially exists because of a late designation can be cured with a continuance. The Fifth Circuit has "repeatedly emphasized that a continuance is the preferred means of dealing with a party's attempt to designate a witness out of time." *Betzel*, 480 F.3d at 708. A continuance has not been sought during the pendency of this case, so any continuance granted would be the current case's first continuance. Moreover, discovery has been ongoing. Written discovery has been exchanged and Plaintiff has been deposed. Plaintiff maintains that there would be no prejudice stemming from the late designation of his treating providers. However, should prejudice be found to exist, it would be cured by the granting of a continuance. This would be in the best interest of justice and would allow Plaintiff to "have his day in Court." Accordingly, the final *Geiserman* factor also weighs heavily in Plaintiff's favor.

### V. CONCLUSION

Genuine issues of material fact exist surrounding the elements that Defendant addresses in its Motion. Defendant's surveillance video establishes that Defendant had reasonable opportunity to discover and remedy the dangerous condition. Further Plaintiff's testimony provides sufficient evidence pertaining to causation. Finally, Plaintiff contends that it should be entitled to designate experts in light of the factors controlling such determination. As such, Defendant's Motion should be denied.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF, CLEVE HART prays that Defendant WAL-MART STORES TEXAS, INC.'s Motion for Summary Judgment be denied in all respects, and that Plaintiff have any other and further relief, at law or in equity, to which it may show itself justly entitled.

Respectfully submitted this day,

**STEPHENS REED & ARMSTRONG, PLLC**

*/s/ Kenneth Stephens*
By:_____
**Kenneth E. Stephens Jr.**
Federal Bar No. 2081443
2626 South Loop W. #522
 Houston, Texas 77054
 Tel. (832) 930-0529
Fax. (713) 391-8349
Email: Kenneth@srapllc.com
***Attorney for Plaintiff***

11

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document has been forwarded to the following counsel on February 9, 2020.

*Via E-mail- jramirez.atty@bushramirez.com*
*Via E-mail- mkahkeshani@bushramirez.com*
John A. Ramirez
Marmar Kahkeshani
5615 Kirby Drive, Ste 900
Houston, Texas 77005

*/s/ Kenneth Stephens, Jr.*

_____
Kenneth Stephens, Jr.

12