United States District Court
Southern District of Texas
**ENTERED**
March 25, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| CLEVE HART, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:19-CV-04809 |
| § | |
| WAL-MART STORES TEXAS, LLC, § | |
| § | |
| § | |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

**I.   INTRODUCTION**

Pending before the Court is the defendant's, Wal-Mart Stores Texas, LLC ("Wal-Mart"), motion for summary judgment (Dkt. No. 20).  The plaintiff, Cleve Hart, filed a response in opposition to Wal-Mart's motion (Dkt. No. 22), and Wal-Mart filed a reply (Dkt. No. 25). Nevertheless, after carefully considering the motion, the response, the pleadings, the record, and the applicable law, the Court determines that Wal-Mart's motion for summary judgment should be **GRANTED**.

**II.   FACTUAL BACKGROUND**

In Hart's complaint, he alleges that on or about November 9, 2017, he was visiting a Wal-Mart in Houston, Texas.  While walking down a shopping aisle, he slipped and nearly fell because a liquid substance leaked out of a trash can onto the floor.  As a result of the slip, he suffered back and neck injuries.  Hart filed suit in state court seeking damages, but the case was subsequently removed to this Court on diversity grounds.  Wal-Mart now moves for summary judgment on Hart's negligence and premises liability claims.

1

### III. CONTENTIONS OF THE PARTIES

#### A. Wal-Mart's Contentions

Wal-Mart moves for summary judgment because, it argues, Hart is unable to prove a genuine issue of fact exists concerning his negligence and premises liability claim. Specifically, it claims that: (1) negligence is not a valid claim for this suit; (2) Wal-Mart did not have actual or constructive notice; and (3) Hart is unable to establish causation or damages since he failed to designate an expert within the Court's deadline.

#### B. Hart's Contentions

In his response to Wal-Mart's motion for summary judgment, Hart concedes that he does not have a valid negligence claim. However, he maintains that he has a legitimate premises liability claim. In detail, he argues that Wal-Mart had constructive knowledge of the spill that caused him to slip and injure himself. He further contends that an expert is not necessary to prove causation and damages because a lay witness is sufficient.[1]

### IV. SUMMARY JUDGMENT STANDARD

Rule 56 of the Federal Rules of Civil Procedure authorizes summary judgment against a party who fails to make a sufficient showing of the existence of an element essential to the party's case and on which that party bears the burden at trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *see also Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). The movant bears the initial burden of "informing the district court of the basis for its motion" and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *See Celotex*, 477 U.S. at 323; *see also Martinez v.*

---

[1] In his response, Hart also made arguments requesting leave to designate a medical expert. The Court will not address that matter at this time because the contention was not raised in the proper motion.

*Schlumber, Ltd.*, 338 F.3d 407, 411 (5th Cir. 2003).  Hence, summary judgment is appropriate where the pleadings, the discovery and disclosure materials on file, and any affidavits show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

If the movant meets its burden, the burden then shifts to the nonmovant to "go beyond the pleadings and designate specific facts showing that there is a genuine issue for trial."  *See Stults v. Conoco, Inc.*, 76 F.3d 651, 656 (5th Cir. 1996) (quoting *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995); *Little*, 37 F.3d at 1075).  "To meet this burden, the nonmovant must 'identify specific evidence in the record and articulate the "precise manner" in which that evidence support[s] [its] claim[s].'"  *Stults*, 76 F.3d at 656 (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir.), *cert. denied*, 513 U.S. 871, 115 S. Ct. 195, 130 L. Ed.2d 127 (1994)).  He may not satisfy his burden "with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence."  *See Little*, 37 F.3d at 1075 (internal quotation marks and citations omitted).  Instead, he "must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case."  *Am. Eagle Airlines, Inc. v. Air Line Pilots Ass'n, Intern.*, 343 F.3d 401, 405 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

"A fact is material only if its resolution would affect the outcome of the action, . . . and an issue is genuine only 'if the evidence is sufficient for a reasonable jury to return a verdict for the [nonmovant].'"  *Wiley v. State Farm Fire and Cas. Co.*, 585 F.3d 206, 210 (5th Cir. 2009) (internal citations omitted).  When determining whether a genuine issue of material fact has been established, a reviewing court is required to construe "all facts and inferences . . . in the light most favorable to the [nonmovant]."  *See Boudreaux v. Swift Transp. Co., Inc.*, 402 F.3d 536,

540 (5th Cir. 2005) (quoting *Armstrong v. Am. Home Shield Corp.*, 333 F.3d 566, 568 (5th Cir. 2003)). Likewise, all "factual controversies [are to be resolved] in favor of the [nonmovant], but only where there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts." *Boudreaux*, 402 F.3d at 540 (quoting *Little*, 37 F.3d at 1075 (emphasis omitted)). In sum, "[t]he appropriate inquiry [on summary judgment] is 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Septimus v. Univ. of Hous.*, 399 F.3d 601, 609 (5th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 – 52 (1986)).

## V.   ANALYSIS & DISCUSSION

Since negligence is no longer in controversy, the Court will focus solely on whether a genuine issue of fact exists as to Hart's premises liability claim. To prevail, Hart must establish four elements: (1) actual or constructive knowledge of some condition on the premises by the owner; (2) the condition posed an unreasonable risk of harm; (3) the owner/operator did not exercise reasonable care to reduce or eliminate the risk; and (4) the owner/operator's failure to use such care proximately caused Hart's injuries. *See e.g.*, *CMH Homes, Inc. v Daenen*, 15 S.W.3d 97, 99 (Tex. 2000). In its motion for summary judgment, Wal-Mart focuses its argument on the knowledge requirement of a premises liability claim.

Wal-Mart asserts there is no summary judgment evidence that can prove it had actual or constructive knowledge of a spilled substance on the floor.[2] "To establish a premises owner's constructive knowledge of the presence of an unreasonable risk of harm, a plaintiff generally must prove that the risk existed for a time sufficiently long to permit the premises owner (or his employees) to (1) discover it and (2) correct it." *Dixon v. Wal-Mart Stores, Inc.*, 330 F.3d 311, 316 (5th Cir. 2003). Constructive knowledge is demonstrated by establishing that it is more

---

[2] Hart does not dispute the lack of actual knowledge.

4

likely than not that the condition existed long enough to give the premises owner a reasonable opportunity to discover it. *See Wal-Mart Stores, Inc. v. Reece*, 81 S.W.3d 812, 814 (Tex. 2002) (internal citations omitted). Moreover, the fact that an owner or employee was in close proximity to a hazard area multiple times will not establish constructive knowledge alone—there must be evidence showing that the hazard existed long enough to give them a reasonable opportunity to discover it. *See Dixon*, 330 F.3d at 314–15 (citing *Reece*, 81 S.W.3d at 814–17).

To support his response to Wal-Mart's motion on the issue of constructive knowledge, Hart offers his deposition and the store's video surveillance as evidence that: (1) Wal-Mart allowed the liquid substance to leak from the trash can onto the floor; (2) the trash can remained on the floor for a precise length of time which gave Wal-Mart a reasonable opportunity to discover it and remedy the dangerous condition; and (3) Wal-Mart employees are seen walking near the trash can several times before Hart's accident. Conversely, in Wal-Mart's reply, it argues that evidence establishing the mere existence of the trash can does not support how long the liquid was on the floor, therefore no genuine issue of fact exists because Hart cannot provide evidence of when any hazard appeared on the floor—the Court agrees.

It is undisputed that a trash can was placed in the aisle and at some point a spilled liquid was found near the trash can. It is also undisputed that Wal-Mart employees walked by the area before Hart's accident. Nevertheless, the trash can's placement in the aisle does not automatically, establish that a liquid was on the floor. Nor, does it establish that the trash can was defective and leaked or that any defect in the trash can resulted in a leak. There must be evidence of the time when the hazard appeared on the floor. In his deposition, Hart admitted he did not know how long the spill was on the floor. Moreover, the video surveillance that he provided does not establish when the liquid appeared on the floor. Equally important, the video

5

fails to provide a visual of the spilled liquid. As a result, there is no way to know how long the spilled liquid existed on the floor. Without evidence demonstrating that the liquid substance remained on the floor for a period long enough for Wal-Mart to discover it, Hart's claim fails.[3]

## VI. CONCLUSION

Based on the foregoing analysis and discussion, Wal-Mart's motion for summary judgment is **GRANTED**.

It is so **ORDERED**.

SIGNED on this 25th day of March, 2021.

Kenneth M. Hoyt
United States District Judge

---

[3] The Court need not address causation and damages because the conclusion reached in this memorandum and opinion eliminates the necessity to do so.